NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANNMARIE ABDELMONEM and DENNIS WASHINGTON, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>BUONA FORTUNA, INC. d/b/a PORTOBELLO, et al.,<br><br>        Defendants. | Civil Action No. 13-3070 (CCC)<br><br>MEMORANDUM OPINION |

**CLARK, United States Magistrate Judge**

    Currently pending before the Court is Opt-in Plaintiffs Jackie DeMarco, Christian Naab and Sean Ryan's (collectively, the "Opt-in Plaintiffs") motion for leave to amend the complaint to add themselves as named plaintiffs, along with Kelley DeTrolio, Sara Haraka, and Debra Kozlowski (collectively, the "Putative Plaintiffs") [Docket Entry No. 55]. Defendants Buona Fortuna, Inc. d/b/a Portobello, Joe Ame, Frank Amen, and Benviamo Inc. d/b/a Portobello Banquets (collectively, "Defendants") have responded to Plaintiffs' motion and have cross-moved to dismiss Plaintiffs' proposed Counts III through VI. [Docket Entry No. 58]. The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Plaintiffs' motion and Defendants' cross-motion. The Court considers both motions without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiffs' motion to for leave to file a second amended complaint is GRANTED and Defendants' cross-motion to dismiss Counts III-VI is DENIED.

I. **BACKGROUND**

On May 13, 2015, AnnMarie Abdelmonem and Dennis Washington (hereinafter, "Original Plaintiffs") filed this action alleging violations of the Fair Labor Standards Act ("FLSA"), codified at 29 U.S.C. §§ 201, *et seq.* and the New Jersey Wage and Hour Law ("NJWHL") §§ 34:11-56a, *et seq. See generally Am. Compl.*; Docket Entry No. 8. The Original Plaintiffs alleged that Defendants illegally failed to pay their employees minimum wage and overtime for hours worked in excess of 40 hours. *Id.* Plaintiffs moved for and received conditional class certification on or about October 16, 2013. *See* Docket Entry No. 16. Thereafter, fifteen employees timely filed consent forms to join as opt-in plaintiffs. The Putative Plaintiffs failed to timely file and therefore, were unable to join this action.

On February 20, 2015, the Opt-in Plaintiffs and Putative Plaintiffs filed the instant motion, seeking to be added as named Plaintiffs, and also seeking to remove the Original Plaintiffs, to identify the John Doe Corp. named in the amended complaint, and to add factual allegations. Defendants have expressly consented to the above changes in Plaintiffs' proposed second amended complaint, but cross-move for dismissal of Plaintiffs' NJWHL claims found in Counts III-VI on the basis of futility.

II. **LEGAL STANDARD**

The decision to grant or deny leave to amend is committed to the sound discretion of the Court. *Gay v. Petsock,* 917 F.2d 768, 772 (3d Cir. 1990). Pursuant to FED.R.CIV.P. 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,* 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To evaluate futility the District Court uses "the same standard of legal sufficiency" as applied for a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Id.*

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2).[1] Citing its opinion in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal,* 129 S. Ct. at 1949 (quoting *Twombly,* 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard.

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice .... Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." FED.R.CIV.P. 8(d).

3

> plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not "show[n]"--"that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

*Iqbal,* 129 S. Ct. at 1949-1950 (citations omitted).  The Court further explained that:

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

Thus, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Id.* at 1949.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  *Id.* at 1949-50.

### III. DISCUSSION

As stated above, Defendants have consented to the filing of a second amended complaint, including the removal of the Original Plaintiffs and the addition of the Opt-in Plaintiffs and Putative Plaintiffs as named Plaintiffs. *See Defendants' Brief in Support of Cross-Motion* at 4; Docket Entry No. 58-1.  Defendants, however, object to Plaintiffs' NJWHL claims on the basis that they are "inherently incompatible" with claims brought under the FLSA.[2] *Id.* at 8.

Defendants contend that opt-in requirements of an FLSA collective action and the opt-out provisions for a Rule 23 class action are "mutually exclusive and irreconcilable[.]" *Id.,* citing

---

[2] Defendants have not made the argument that the Court would lack supplemental jurisdiction over Plaintiffs' NJWHL state law claims.  As such, the Court shall not engage in any analysis regarding same.

*LaChapelle v. Owens-Illinois, Inc.,* 513 F. 2d 286, 286 (5th Cir. 1975).  In this regard, Defendants argue that "the dual certification of identical FLSA opt-in claims and NJWHL opt-out claims would offend the legislative intent of the FLSA." *Id.* at 12.  Lastly, Defendants maintain that this motion is properly before the Court, despite the fact that class certification has not yet been ruled upon.

Plaintiffs respond by countering that a recent case from the Third Circuit has addressed the dichotomy between FLSA and state law class actions and has rejected the concept of inherent incompatibility.  In *Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012), the Court found that "the plain text of § 216(b) provides no support for the concept of inherent incompatibility" in the context of "dual-filed FLSA opt-in and state law opt-out class actions." *Knepper,* 675 F.3d 249, 258-259.  As such, Plaintiffs contend that Defendants' motion should be denied.  Moreover, Plaintiffs argue that Defendants' motion is premature, having been made prior to a determination on class certification.

The Court finds that the Third Circuit's ruling in *Knepper* forecloses Defendants' sole argument that Plaintiffs cannot proceed with a dual FLSA/NJWHL action due to inherent incompatibility.  *See Knepper,* at 261 ("In sum, we disagree with the conclusion that jurisdiction over an opt-out class action based on state-law claims that parallel the FLSA is inherently incompatible with the FLSA's opt-in procedure.").  In so finding, the Court makes no determinations on the merit of Plaintiffs' claims or whether this matter is appropriate for class certification.  As Defendants have presented no other arguments on the basis of futility, the Court finds that Defendants' cross-motion to dismiss Plaintiffs' NJWHL claims must be denied.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiffs' motion to amend is GRANTED and Defendants' cross-motion to dismiss is DENIED.  An appropriate Order follows.

Dated: May 21, 2015

                                           s/James B. Clark, III
                                           **HONORABLE JAMES B. CLARK, III**
                                           **UNITED STATES MAGISTRATE JUDGE**